UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Alexandra Tiakoh,

    Plaintiff,

v.                                         Case No. 8:25-cv-01706-WFJ-AEP

Experian Information Solutions, Inc.

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This cause comes before the court upon Plaintiff Alexandra Tiakoh Application to Proceed in District Court without Prepaying Fees or Costs, which this Court construes as a Motion to Proceed In Forma Pauperis (Doc. 2). Plaintiff, proceeding *pro se*, initiated this action against Experian Information Solutions, Inc. as the sole defendant. For the following reasons it is recommended that the Motion to Proceed In Forma Pauperis be granted.

    **I.**    **Background**

On July 1, 2025, Plaintiff filed her Complaint against Defendant, alleging violations of the Fair Credit Reporting Act. 15 U.S.C. § 1681. Plaintiff alleges her bankruptcy was discharged in the Middle District of Florida in October 2020. She further states that Defendant's public records vendor and Equifax, another consumer reporting agency, removed the bankruptcy from Plaintiff's credit file in December 2020 and early 2021, respectively. Plaintiff alleges that Experian

continued reporting the bankruptcy despite Plaintiff submitted disputes on at least seven occasions from March 2021 through June 2025.

Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau on July 19, 2024. Plaintiff finally alleges that Defendant engaged in willful violations of 15 U.S.C. § 1681(a), e(b), g, n, by failing to conduct a reasonable reinvestigation after Plaintiff disputed the reporting of her bankruptcy and acting with knowledge or recklessness regarding the accuracy of its credit reporting.

**II.    Legal Standard**

The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). However, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When an application to proceed in forma pauperis is filed, the court must review the case and dismiss it *sua sponte* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). District courts maintain broad discretion in determining whether to grant or deny an application to proceed in forma pauperis. *See Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam).

An action is frivolous where the allegations lack an arguable basis either in law or fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations

omitted). Accordingly, where the court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citations omitted). Further, to state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Failure to state a claim is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted); *see also Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Moreover, federal courts are courts of limited jurisdiction and, thus, have an

obligation to inquire into their subject matter jurisdiction *sua sponte* whenever it may be lacking. *Kirkland v. 3 Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). Specifically, federal district courts will have original jurisdiction over cases in which the amount in controversy exceeds $75,000 and the case is between citizens of different states or citizens of the United States and citizens of a foreign state. 28 U.S.C. § 1332.

When reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

**III.   Discussion**

  **A. Plaintiff Successfully Stated a Claim Upon Which Relief Can be Granted.**

To survive a Rule 12(b)(6) dismissal a plaintiff must state a claim for relief that is plausible on its face and contains well pleaded facts beyond simply reciting elements of a cause of action. *See Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

4

Applying the standard under § 1915(e)(2)(B)(ii), Plaintiff's claims plausibly state a claim for relief and will likely survive a Rule 12(b)(6) motion under *Twombly* and *Iqbal*. (Doc. 1 at 4-5). Paragraph eighteen is a legal conclusion and will be disregarded; however, paragraphs sixteen and seventeen contain well-pleaded facts that plausibly give rise to relief and will survive a *Twombly* and *Iqbal* analysis. *Id.* at 4.  Count I contains relevant facts to plausibly support the claim that Defendant failed to reasonably follow procedures to ensure accuracy of the report, such as ignoring verified evidence. *Id.* at 4.

Paragraphs twenty and twenty-one of Count Two are legally irrelevant and a legal conclusion, but paragraph nineteen contains well-pleaded facts alleging multiple disputes were made and defendant failed to reasonably reinvestigate. *Id.* at 5. Therefore, Count Two also survives.

Finally, Paragraphs twenty-two and twenty-three survive a *Twombly* analysis because the well-pleaded fact of the concealment of data plausibly gives rise to a claim upon which relief can be granted for the alleged violation of FRCA § 1681g.

Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiff's Motion to Proceed In Forma Pauperis be granted.

IT IS SO REPORTED in Tampa, Florida, this 19th day of September, 2025.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**


cc: Hon. __
      Counsel of Record