**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALEXANDRA TIAKOH**,

      Plaintiff,

v.                                                                    Case No. 8:25-cv-01706-WFJ-AEP

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.**,

      Defendant.

_____/

## <u>ORDER</u>

Before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Dkt. 15, *pro se* Plaintiff Tiakoh's response in opposition, Dkt. 19, and Defendant's reply. Dkt. 23. After careful consideration, the Court grants Defendant's motion to dismiss Plaintiff's Complaint.

## BACKGROUND

Plaintiff Tiakoh sues Defendant Experian, alleging violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681g. Dkt. 1 at 4–5. On July 23, 2020, Plaintiff voluntarily filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of

Florida, Tampa Division, Case No. 8:20-bk-05617-MGW.[1] Plaintiff's debt was discharged on October 27, 2020. Dkt. 1 ¶ 7.

On July 1, 2025, Plaintiff filed the instant action asserting that Experian willfully violated the FCRA, 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681g, by reporting her bankruptcy using the court abbreviation "US BKPT CT FL TAMPA" and for retaining an unspecified "[a]ddress ID metadata field." *Id.* ¶¶ 1–2, 12–14. Plaintiff claims that, based on this alleged inaccuracy, she has suffered $10,000 in actual damage from emotional distress, "including anxiety, insomnia, mental exhaustion, and a persistent sense of helplessness that affected Plaintiff's daily functioning." *Id.* at 6.

## LEGAL STANDARD

As an initial matter, *pro se* litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt *pro se* plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Caton v. Louis*, No. 2:07-CV-32-FtM-99SPC, 2007 WL 9718731,

---

[1] The Court takes judicial notice of the MDFL's bankruptcy docket in 8:20-bk-05617-MGW. *See Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or other related cases."); *Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)) (noting "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment[,]" including public records).

at \*1 (M.D. Fla. Feb. 21, 2007). Moreover, a district court may not serve as a *pro se* plaintiff's "*de facto* counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all the complaint's allegations as true, construing them in a light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citation modified) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court does not need to accept as true any bare legal conclusions offered in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Subject matter jurisdiction must be established before a case can proceed on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S.

3

8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). The Court itself must also decide whether a plaintiff has Article III standing, *see United States v. Hays*, 515 U.S. 737, 742 (1995), and the Court must do so before reaching the merits, *see Steel Co.*, 523 U.S. at 101–02.

## DISCUSSION

Based on a careful review of the pleadings, the Court agrees with Defendant's motion and dismisses Plaintiff's Complaint. As discussed below, Plaintiff has failed to state a claim under the FCRA.

### I.   Article III Standing

Before even reaching whether Plaintiff has adequately stated a claim, the Court must determine whether Plaintiff has Article III standing. Experian argues that Plaintiff lacks Article III standing to bring this action because she failed to prove that she suffered a concrete injury in fact. Dkt. 23 at 5.

To have Article III standing, a plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Concerning the sub-requirement of "concrete[ness]" within the injury in fact prong, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at

4

339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). An "intangible injur[y]", such as the alleged violations of the FCRA here, may nonetheless constitute a concrete injury. *See id*. at 340.

Here, accepting Plaintiff's allegations about the time spent disputing the alleged inaccuracy and the "emotional distress" she suffered as true, the Court finds that Plaintiff suffered an injury in fact, as the Eleventh Circuit has already found that "emotional distress and time [the plaintiff] spent contesting the inaccurate information" can be a concrete injury. *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021); *see also Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (explaining that the plaintiff also had standing because she had "lost time . . . attempting to resolve the credit inaccuracies").

## II.    Plaintiff's FCRA Claims

While Plaintiff may have Article III standing to bring her claim, she fails to state a claim for each of her alleged FCRA violations. The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "The FCRA creates a private right of action against consumer reporting agencies for the negligent, or willful, violation of any duty imposed under the statute." *Collins v. Experian Info. Sol., Inc.* 775 F.3d 1330, 1333 (11th Cir. 2015) (citing *Safeco*, 551 U.S. at 53 (2007)).

*a.  Counts I and II—Plaintiff's § 1681e(b) and § 1681i claims*

Plaintiff's first claim alleges that Defendant violated § 1681e(b) and § 1681i of the FCRA. Dkt. 1 at 4–5. Defendant argues this claim should be dismissed because Plaintiff has not prepared a report containing "inaccurate" information. Dkt. 15 at 3. Under § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a claim under § 1681e(b), a plaintiff must show "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Coleman v. Experian Info. Sols., Inc.*, 655 F. Supp. 3d 1285, 1300 (N.D. Ga. 2023) (quoting *Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361, 1365 (N.D. Ga. 2005)); *see also Losch*, 995 F.3d at 944 ("To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result.").

Similarly, "[t]he elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the

plaintiff needn't show that the agency prepared and distributed a report." *Losch*, 995 F.3d at 944 (quoting *Collins*, 775 F.3d at 1335). Because Plaintiff challenges Experian's procedures and reinvestigation of her report, Dkt. 1 ¶¶ 17, 19, the report-file distinction is immaterial.[2] As such, the Court addresses together the reasonableness of Experian's report-preparation "procedures," § 1681e(b), and its "reinvestigation," § 1681i(a). Generally, "[w]hether a credit-reporting agency acted reasonably under the FCRA will be a jury question in the overwhelming majority of cases." *Losch*, 995 F.3d at 944 (citation omitted).

Plaintiff also claims the violations of § 1681e(b) and § 1681i were "willful," which requires "proof that 'a consumer reporting agency either knowingly or recklessly violated'" the FCRA—that is, "[a] reckless violation of the FCRA requires the consumer to establish that the agency's action 'is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.'" *Celestine v. Cap. One*, 741 F. App'x 712, 715 (11th Cir.

---

[2] However, to the extent the distinction does apply, the Court finds Plaintiff fails to state a § 1681e(b) claim, as Plaintiff does not allege that any of her emotional harms were the result of a consumer report being provided to a third party as required under § 1681e(b). Because the Complaint never alleges her consumer report was ever published to a third party, she cannot plausibly claim that Experian's allegedly unreasonable procedures in preparing a consumer report caused her damages. *See Thomas v. Equifax Info. Services, LLC*, No. 1:22-CV-4848-CAP-JKL, 2023 WL 4049317, at *3 (N.D. Ga. Apr. 12, 2023), *report and recommendation adopted*, No. 1:22-CV-4848-CAP, 2023 WL 4049315 (N.D. Ga. May 3, 2023) (dismissing the § 1681e(b) claim where the plaintiff failed to allege facts identifying the third party to whom a credit report was furnished).

2018) (quoting *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009)).

Here, Plaintiff failed to establish the threshold issue of whether Experian even reported factually inaccurate information. "When a Chapter 7 debtor receives a discharge, she is discharged from all debts and any liability on a claim that arose, or are determined to arise, before the bankruptcy is filed." *Medley v. Dish Network, LLC*, 958 F.3d 1063, 1067 (11th Cir. 2020) (citation modified). However, the Complaint contains no allegations that Experian inaccurately reported that Plaintiff had outstanding debts, listed a balance owed, noted some amount past due, or stated how long the debt was past due. *See Losch*, 995 F.3d at 945 ("Experian's report was still factually inaccurate. Experian didn't just report the existence of a debt but also the balance that Losch owed, the amount that Losch was past due, and how long Losch was past due."). Indeed, unlike other cases where federal courts found that Experian had inaccurately reported that outstanding debts were still active or outstanding following a Chapter 7 bankruptcy discharge,[3] Plaintiff's only "inaccuracy" allegation is that her report had an abbreviation of "US BKPT CT FL TAMPA" along with an "associated [a]ddress ID metadata field." Dkt. 1 ¶ 12.

---

[3] *See e.g., Losch*, 995 F.3d at 945 ("For instance, Losch's May 2018 report stated that as of March 2018, he (1) had a balance of $139,853, (2) had a past due amount totaling $10,006, and (3) was more than 180 days late."); *Benjamin v. Experian Info. Sols., Inc.*, 561 F. Supp. 3d 1330, 1337 (N.D. Ga. 2021) (finding that even after a bankruptcy discharge, "Experian was still reporting an owed balance of $330 on the MoneyLion account and a past-due amount of $139 on that account"); *Coleman*, 655 F. Supp. 3d at 1302 ("[T]he First Franklin debt was discharged in bankruptcy, any reporting suggesting the debt was still viable was inaccurate.").

Even when liberally construing the *pro se* Complaint, the use of abbreviations and some vague/unspecific "[a]ddress ID metadata field" is not an inaccuracy giving rise to a *willful* or *reckless* violation of § 1681e(b) and § 1681i. Further, there is nothing improper about Experian simply noting that Plaintiff went through a Chapter 7 bankruptcy in the Middle District of Florida, as "bankruptcy discharge is merely an injunction against certain means of enforcing a debt, not an expungement of a debt from one's record." *Losch*, 995 F.3d at 945 (noting that "Experian's premise is right"). Therefore, the Court dismisses Counts I and II for failure to state a claim.

   b.  *Count III—Plaintiff's § 1681g claim*

Plaintiff's third claim is that Defendant violated § 1681g of the FCRA. Dkt. 1 at 5. Defendant argues that this claim should be dismissed because Plaintiff did not allege that she requested her consumer file from Experian. Dkt. 15 at 5. Under § 1681g, a consumer reporting agency is required to provide "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1); *see also Hovater v. Equifax, Inc.*, 823 F.2d 413, 417 (11th Cir. 1987) (citing 15 U.S.C. § 1681g) ("Upon request and identification, the reporting agency is required to divulge the information in its files concerning the interested consumer.").

Here, the Complaint—accepted as true—makes clear that Plaintiff never submitted a request to Experian to see her consumer file under § 1681g. Instead, Plaintiff alleges that, in a prior and unrelated litigation, Experian produced some

9

discovery that contained "internal metadata," including "concealed Address ID and Geo Code fields." Dkt. 1 ¶¶ 14, 22. Plaintiff's response to the motion to dismiss further confirms that she did not request her consumer file under § 1681g. During a "Maryland small-claims litigation," Plaintiff obtained "litigation-produced document[ation]" that included her "Experian file" with "internal fields such as 'Address ID' and 'Geo Code.'" Dkt. 19 at 3. As Defendant correctly notes, "[p]ropounding and responding to discovery requests in litigation is a function of the Federal Rules of Civil Procedure," not § 1681g. Dkt. 23 at 4. Indeed, § 1681g imposes a specific disclosure obligation only when a consumer follows the statutory procedure for requesting their file, and the allegations in the Complaint show that Plaintiff never invoked this provision of the FCRA. Because Plaintiff never sent a request under § 1681g to Experian, she cannot claim Defendant willfully violated 15 U.S.C. § 1681g. Thus, the Court dismisses Count III for failure to state a claim.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.  Defendant Experian's motion to dismiss, Dkt. 15, is **GRANTED.**

2.  Plaintiff Tiakoh's complaint, Dkt. 1, is **DISMISSED**.

**DONE AND ORDERED** at Tampa, Florida, on February 4, 2026.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*

11